ENRIQUE UBARRI BLANES, peticionario y recurrente, *v.* JUNTA HÍPICA DE PUERTO RICO, demandada y recurrida.

*Número:* O-67-67        *Resuelto:* 17 de diciembre de 1968

*Rafael Baragaño Diez,* abogado del peticionario; *G. Bobonis Díaz,* abogado del demandada.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

El Administrador Hípico de Puerto Rico impuso una multa de $500.00 al peticionario y le retiró la aprobación que le diera a la designación para actuar como apoderado de Enrique Ubarri Acosta. La acción del Administrador Hípico se fundó en que el peticionario incurrió en una práctica indeseable al agredir al Veterinario Oficial por haber éste suspendido un ejemplar propiedad de Ubarri Acosta.[1]

El peticionario apeló ante la Junta Hípica impugnando la actuación del Administrador por el fundamento de que éste no celebró previamente una vista. La Junta, previa notificación al efecto, celebró una vista a la cual compareció el peticionario asistido de su abogado. En dicha vista el Administrador Hípico practicó prueba testifical y documental para demostrar justa causa. El peticionario contrainterrogó los testigos de la recurrida pero no presentó prueba testifical,[2] adoptando la posición de que la función de la Junta se limitaba a resolver si el Administrador había o no cumplido con el requisito de determinar justa causa previa la celebración de una vista. La Junta confirmó la actuación del Administrador Hípico concluyendo, a la luz de la prueba desfilada, que éste había actuado con justa causa.

---

[1] El Art. 1001 del Reglamento Hípico establece en su inciso 18 como práctica indeseable la siguiente:

"18—Reñir, alterar la paz, escandalizar o conducirse en forma indeseable e impropia en los terrenos del hipódromo." 15 R.&R.P.R. sec. 186–1001.

[2] De la minuta de la vista ante la Junta Hípica se desprende, sin embargo, que el peticionario practicó prueba documental.

Recurrió, entonces, el peticionario ante el tribunal de instancia mediante *certiorari* aduciendo como error que la determinación de justa causa fue hecha por la Junta y no por el Administrador Hípico, a quien correspondía hacerlo de acuerdo con la sec. 228 del Reglamento Hípico. No tuvo éxito en su planteamiento en el Tribunal Superior ni puede tenerlo ante nos.

■ La contención del peticionario esencialmente descansa en la premisa de que la Ley Hípica o las exigencias del debido procedimiento requieren la celebración de una vista por el *Administrador*. No tiene razón. Ni la Ley Hípica ni su Reglamento requieren del Administrador la celebración de una vista para el retiro de la designación de un apoderado. Tampoco el debido procedimiento requiere que la vista sea necesariamente ante el Administrador.

El Art. 7 de la Ley Hípica dispone que para la cancelación de las licencias otorgadas por el Administrador, éste deberá dar a la persona perjudicada la oportunidad de ser oída en su defensa. 15 L.P.R.A. sec. 187. El Administrador, por disposición de dicho artículo, otorga licencia para dueños de caballo, jinetes, entrenadores, cuadreros o cualquier otro tipo de licencia en relación con el deporte hípico, con excepción de la licencia de los hipódromos,[3] que corres-

---

[3] El Art. 7 en lo pertinente lee:

"El Administrador . . . tendrá, . . . poderes para:

(2) Otorgar, suspender temporalmente o cancelar permanentemente las licencias de dueños de caballos, jinetes, entrenadores, cuadreros o cualquier otro tipo de licencia en relación con el deporte hípico, con excepción de las licencias de los hipódromos . . . ; Disponiéndose, que para cancelar permanentemente cualquiera de dichas licencias, el Administrador deberá dar a la persona perjudicada la oportunidad de ser oída en su defensa por sí o por medio de un abogado."

Una disposición similar contiene el Art. 221 del Reglamento Hípico:

"Toda licencia otorgada por el Administrador podrá ser suspendida temporalmente o cancelada por éste por justa causa; disponiéndose, que para cancelar una licencia deberá hacerlo mediante querella o dando al beneficiario la oportunidad de ser oído en su defensa, por sí o por medio de abogado." 15 R.&R.P.R. sec. 186-221.

ponde otorgarla a la Junta Hípica. 15 L.P.R.A. sec. 186. El Administrador no otorga licencia alguna al apoderado. Se la otorga solamente al dueño. El apoderado meramente ejercita los derechos, facultades y privilegios de la licencia del dueño. 15 R.&R.P.R. sec. 186–231. (⁴) El dueño es el que designa al apoderado, no el Administrador. Éste sólo aprueba la designación de aquél, la cual puede retirar por justa causa. El retiro de la aprobación de la designación del apoderado no cae bajo las disposiciones del Art. 7, *supra*, que requiere específicamente la celebración de una vista por el Administrador para la cancelación de licencia. Se gobierna por el Art. 228 del Reglamento Hípico, que meramente dispone que la *aprobación* del Administrador podrá ser retirada por justa causa. (⁵) 15 R.&R.P.R. sec. 186–228. Distinta a las disposiciones del Art. 7 de la Ley Hípica y del Art. 221 del Reglamento (⁶) el Art. 228 no requiere específicamente la celebración de una vista por el Administrador para el retiro de la aprobación de una designación de un apoderado.

◼ No es necesario decidir si la garantía constitucional de un debido procedimiento de ley requiere la celebración de una vista para el retiro de la aprobación de la designación de un apoderado. Ello es así porque se celebró la vista ante la Junta Hípica, cuerpo imparcial que le garantizó al peticionario la oportunidad de ser oído, de contender los fundamentos del Administrador, de examinar testigos y de presentar prueba. Él aprovechó parcialmente esa oportunidad argumentando sus contenciones legales, contrainterrogando

---

(⁴) "Cuando el dueño haya designado un apoderado, sólo este último podrá ejercitar los derechos, facultades y privilegios que la licencia de dueño confiere y reconoce; disponiéndose, que el dueño podrá actuar si el apoderado no está presente."

(⁵) El Art. 228 dispone:

"El dueño podrá ser representado por un apoderado, cuya designación deberá tener la aprobación del Administrador quien podrá retirarla por justa causa."

(⁶) Véase escolio (3).

testigos y presentando prueba documental, pero rehusó aprovechar la vista para presentar prueba testifical.

No tiene méritos la contención del peticionario de que el debido procedimiento de ley requiere que la vista se celebre ante el Administrador y no ante la Junta Hípica. El debido procedimiento de ley no necesariamente requiere vista ante un funcionario específico o en la etapa inicial de los procedimientos. *Opp Cotton Mills* v. *Administrator*, 312 U.S. 126 (1940). Basta que la vista se celebre—como se celebró en este caso—en alguna etapa de los procedimientos antes de que la orden o decisión del Administrador sea final. *Nickey* v. *Mississippi*, 292 U.S. 393 (1934); Davis, *The Requirement of Opportunity to Be Heard in the Administrative Process*, 51 Yale L.J. 1093; Davis, *Administrative Law Treatise*, § 7.10 (1958). Cf. *Belmonte* v. *Mercado Reverón, Admor.*, 95 D.P.R. 257, 261 (1967).

*Se anula el auto expedido y se confirma la sentencia dictada por el tribunal de instancia.*